**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 21 2014, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RONRICO J. HATCH**
Michigan City, Indiana

ATTORNEY FOR APPELLEE:

**ADAM L. HAND**
Beckman Lawson, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONRICO J. HATCH, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1307-SC-374 |
| | ) | |
| KATHLEEN BRITA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Brian D. Cook, Magistrate
Cause No. 02D01-1304-SC-7180

**February 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

A prisoner who pled guilty to murder sued his friend in small claims court nine years later, on grounds the friend failed to pay the prisoner's paternity costs even though she agreed to do so in the course of persuading him to plead guilty. The court dismissed the case upon the friend's motion, which asserted the limitation period had passed. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2004, Ronrico Hatch avoided the death penalty by pleading guilty to murder for a sentence of life without parole. Nine years later in April 2013, he sued Kathleen Brita in small claims court. The following allegations are from Hatch's amended notice of claim.

On February 11, 2004, the defense attorneys in Hatch's murder case sought the assistance of his friend Brita to persuade him to plead guilty. After hours of negotiations, the complaint alleged, Hatch and Brita agreed orally that Hatch would enter into a plea agreement and Brita would in turn "pay for any and all expenses incurred to establish the paternity [of] and visitation" with his alleged minor child. Appellant's App. p. 14. Hatch pled guilty the same day.

A paternity action was filed later that month, but the court told Hatch that $660 was required for testing before the case could proceed. Hatch immediately informed Brita of the cost, but she did not pay. In July 2004, Hatch told Brita the paternity test had yet to be conducted due to lack of payment, and she said she would see that arrangements were made. Hatch continually sought performance from Brita, the notice of claim said, but she failed to pay.

2

In June 2007, Hatch and Brita entered into another agreement in which Hatch would not sue Brita if she testified about the circumstances surrounding his guilty plea. Hatch contacted Brita in December 2012 about testifying, but she said she no longer wanted to be involved.

Based on these allegations, Hatch sued Brita for breach of their February 2004 contract and for fraud. He attached to his amended notice of claim a June 2007 affidavit from Brita, in which she stated that Hatch agreed to plead guilty in exchange for automatic visitation rights. *Id.* at 22. At the June 2013 trial, Brita moved for dismissal, claiming Hatch had filed suit past the limitation period. The court agreed and dismissed with prejudice.

## ISSUE

Did the court err by dismissing the case?

## DISCUSSION AND DECISION[1]

As Brita argued the statute of limitation barred Hatch's claims, her request for dismissal was premised on Indiana Trial Rule 12(B)(6), the failure to state a claim upon which relief can be granted. A 12(B)(6) motion tests the legal sufficiency of a claim, not the facts supporting it. *City of E. Chicago v. E. Chicago Second Century, Inc.*, 908 N.E.2d 611, 617 (Ind. 2009). Such a motion is properly granted only when the allegations present no possible set of facts upon which the plaintiff can recover. *Id.* We review a grant or denial of a 12(B)(6) motion de novo. *Id.*

---

[1] Hatch has filed an Objection to the Filing of the Appellee's Brief and Appendix. We deny this motion by separate order issued contemporaneously with this opinion.

A party asserting the statute of limitation as an affirmative defense bears the burden of establishing that the action was commenced beyond the statutory period. *Id.* at 617-18. Once the asserting party makes a prima facie case, the burden shifts to the non-asserting party to present facts that will prevent the running of the statute. *Id.* at 618.

The Indiana Code provides a six-year limitation period for "[a]ctions on . . . contracts not in writing" and "[a]ctions for relief against frauds." Ind. Code § 34-11-2-7 (1998). According to Hatch's notice of claim, Brita agreed to pay for his paternity costs in February 2004. Hatch waited nine years before he sued Brita in April 2013. This was simply too late.

Hatch argues the doctrines of fraudulent concealment and continuing wrong tolled the limitation period. Under the fraudulent concealment doctrine, a person is estopped from asserting the statute of limitation as a defense if that person, by deception or violation of a duty, has concealed material facts from the plaintiff and thereby prevented discovery of a wrong. *Boggs v. Tri-State Radiology, Inc.*, 730 N.E.2d 692, 698 (Ind. 2000). The doctrine of continuing wrong is applicable where an entire course of conduct combines to produce an injury. *Id.* at 699.

Hatch's brief on appeal declares that when he told Brita he needed $660 for the paternity action, she said that she was having financial problems due to unexpected medical expenses but that she was still planning to honor her commitment. Appellant's Br. p. 3. He further asserts she regularly said she would pay until June 2007, when she finally told him she had no intention of covering his paternity costs. *Id.* at 9.

4

None of these assertions, though, were in Hatch's notice of claim. To the extent such information was presented at trial, we have not been provided with a transcript or a certified statement of the evidence. Moreover, even if we could consider this material as established evidence, it shows no concealment or continuing wrong. Hatch told Brita about the required paternity costs, and when Brita did not pay, regardless of her reasons, his cause of action against her accrued.

Hatch also argues that Brita's June 2007 affidavit constitutes an acknowledgement that salvages his breach of contract claim pursuant to Indiana Code section 34-11-9-1 (1998), which provides:

> An acknowledgment or promise is not evidence of a new or continuing contract, for the purpose of taking the case out of the operation of this article [Limitation of Actions], unless the acknowledgement or promise is:
> (1) in writing; and
> (2) signed by the party to be charged by the acknowledgment or promise.

Brita's affidavit, however, states only that on February 11, 2004, Hatch "finally agreed to enter the plea-agreement in exchange / promise for automatic visitation rights [with his alleged] child . . ., which counsel promised would be the result for just entering the plea agreement. I even told the petitioner that I would make it my responsibility to make sure things went according to plan." Appellant's App. p. 22.[2]

We do not know whether Hatch offered this affidavit into evidence during the small claims court's proceedings. Even if so, the affidavit does not show that Brita

---

[2] Brita's affidavit recognizes that, prior to February 11, 2004, she promised to pay for Hatch's paternity costs in exchange for his plea, but it also clearly states that Hatch then rejected the offer of a plea bargain. Appellant's App. p. 21.

entered into an oral agreement with Hatch in which she was responsible for his paternity costs.

## CONCLUSION

We therefore affirm the court's dismissal.

NAJAM, J., and BARNES, J., concur.